BLD-010                                            NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2184
_____

DAMIEN M. SCHLAGER,
Appellant

v.

JEFFREY BEARD, Ph.D. Secretary of
Pennsylvania D.O.C.; BRIAN V. COLEMAN, Superintendent SCI-Fayette;
JOSEPH KREMPOSKI, Capt., SCI-Fayette; ERIC JOHNSON, Lt. SCI-Fayette;
STEVEN GATES, Deputy Superintendent SCI-Fayette;
JOSEPH TREMPUS, Capt., SCI-Fayette;
DANIEL HOOPER, Lt., SCI-Fayette;
A. YUHOUSE, c/o SCI-Fayette;
JASON HALLEY, c/o SCI-Fayette;
ALBERT WOODS, c/o SCI-Fayette;
G. CARLSON, c/o SCI-Fayette;
A. SWITZER, c/o SCI-Fayette;
J. MEEKER, c/o SCI-Fayette;
MARY ANN KUSHNER, Assistant to Superintendent/Viseo
Conference Coordinator/Grievance response Dept. SCI-Fayette;
RAYMOND J. SOBIA, Supervisory Superintendent, Western
Region P.A.; DORINA VARNER, Chief Grievance Off.; RHONDA HOUSE,
Grievance Coordinator SCI-Fayette; DARLENE LINDERMAN,
Mail Room Supervisor, SCI-Fayette; CARL WALKER, Unit Manager 'E'- Unit
SCI -Fayette; HERBERT STANLEY REBERT,
ESQ. D.A. York County PA;
KATHERINE L. DOUCETTE, ESQ. A.D.A. York County PA
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 09-01231)

District Judge:  Honorable Joy Flowers Conti
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 15, 2010

Before:  SLOVITER, JORDAN & GREENAWAY, JR., <u>Circuit</u> <u>Judges</u>

(Opinion filed October 28, 2010)
_____

OPINION
_____

PER CURIAM

Damien M. Schlager, a prisoner at the State Correctional Institution at Fayette in Pennsylvania, appeals pro se from an order of the United States District Court for the Western District of Pennsylvania dismissing his complaint.  For the following reasons, we will dismiss Schlager's appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).

I.

Schlager's pro se complaint is primarily based upon prison officials' confiscation of certain UCC documents as contraband, both from his mail and after a search of his prison cell.  Schlager sought to use those documents at a hearing in his state criminal case to argue that he is entitled to release from prison, pursuant to the UCC, because he is a "Secured Party Sovereign."  Schlager also named the District Attorney for York County and an Assistant District Attorney as defendants, apparently based on his belief that they

conspired with the named prison officials to deprive Schlager of his UCC materials.[1]

The complaint asserts claims, pursuant to 42 U.S.C. § 1983, for violation of Schlager's First and Fourteenth Amendment rights to access the courts, his Fourth Amendment rights, and his Fourteenth Amendment due process rights. Schlager also alleges that the defendants' conduct constitutes cruel and unusual punishment in violation of the Eighth Amendment and that the defendants conspired against him based upon their "hateful attitude towards a specific class of people (Secured Party Sovereigns)." (Compl. ¶ 66.) Among other things, he seeks immediate release from prison, $ 3,000,000 in damages from each defendant, and an injunction ordering the defendants to return his documents.

The defendants moved to dismiss and the matter was referred to a Magistrate Judge, who recommended that the District Court grant the defendants' motions because Schlager failed to state claims under the First, Eighth, or Fourteenth Amendments, or for conspiracy. The District Court adopted the Magistrate Judge's report and recommendation and issued a supplemental memorandum order adding that Schlager also had failed to state a Fourth Amendment claim. The District Court further concluded that

---

[1] Schlager also alleges that "[s]ince [his] case was moved to the private side of the accounting ledger, A.D.A. Katherine Doucette was precluded from bringing the case/account back to the public side of the accounting ledger by going to the media for an out-cry for public help or pressure." (Compl. ¶ 36.) To the extent that Schlager is taking issue with something the prosecutor said to the media, his allegations are incomprehensible.

Heck v. Humphrey, 512 U.S. 477 (1994), barred Schlager's section 1983 lawsuit. Schlager timely appealed.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Because Schlager has been granted in forma pauperis status pursuant to 28 U.S.C. § 1915, we review this appeal for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). An appeal may be dismissed under § 1915(e)(2)(B) if it has no arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

We will dismiss Schlager's appeal because it is has no arguable basis in law.[2] In order to succeed on his claim that the defendants denied him access to the courts, Schlager would have to establish "(1) that [he] suffered an 'actual injury' – that [he] lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that [he] ha[d] no other 'remedy that may be awarded as recompense' for the lost claim other than in the present denial of access suit." Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008) (quoting Christopher v. Harbury, 536 U.S. 403, 415 (2002)). As the Magistrate Judge accurately noted, the argument that Schlager sought to pursue before the state court – that he is somehow entitled to release from prison because he is a "Secured Party Sovereign"

---

[2] Alternatively, dismissal is appropriate because, as noted by the prison officials in their Brief in Support of their Motion to Dismiss, Schlager failed to exhaust his administrative remedies since the grievances he filed with the prison were untimely. See Woodford v. Ngo, 548 U.S. 81, 93 (2006) ("[W]e are persuaded that the PLRA exhaustion requirement requires proper exhaustion.").

– is "the epitome of frivolous." (Report and Recommendation 3, Feb. 12, 2010, ECF No. 49.) Furthermore, documents Schlager attached to his complaint reveal that, despite defendants' confiscation of the UCC materials, Schlager did, in fact, present his argument to the state court during his hearing. Accordingly, there is no possibility that Schlager could succeed on his claim that the defendants denied him access to the courts.

Nor is there a legal basis for Schlager's other claims. Schlager's Fourth Amendment and due process claims lack legal bases because, respectively, "the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell," Hudson v. Palmer, 468 U.S. 517, 526 (1984), and the prison grievance system provided Schlager with an adequate post deprivation remedy. See Monroe, 536 F.3d at 210. Similarly, Schlager's Eighth Amendment claim lacks a basis in law because the allegations of the complaint do not establish that the defendants' conduct "result[ed] in the denial of the minimal civilized measure of life's necessities."[3] Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quotations omitted).

Schlager's conspiracy claim also lacks a legal basis. Since Schlager cannot establish any violation of his constitutional rights, it follows that he cannot establish a conspiracy to violate those rights. See Ridgewood Bd. of Educ. v. N.E. ex rel. M.E., 172 F.3d 238, 254 (3d Cir. 1999) ("In order to prevail on a conspiracy claim under § 1983, a

---

[3] In his responses to defendants' motions to dismiss, Schlager named several other amendments that defendants' conduct purportedly violated – the Fifth, Sixth, and Thirteenth Amendments. We find no basis in law supporting any of those claims.

plaintiff must prove that persons acting under color of state law conspired to deprive him of a federally protected right."). To the extent that Schlager brings his conspiracy claim under section 1985(3), he must establish "(1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States." Lake v. Arnold, 112 F.3d 682, 685 (3d Cir. 1997). As secured party sovereigns are not a protected class, there is no legal basis for Schalger's conspiracy claim.[4]

For the above reasons, we will dismiss Schlager's appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

[4] In light of our conclusion that Schlager's claims lack legal merit, we need not address the District Court's conclusion that those claims are barred by Heck.

6